# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUE ZHOU, TAO AN, ZHENG HU, YANMING "FRANK" WANG, YUAN CAO, AND GUANGCAO "JACK" JI,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHNAGE COMMISSION, GARY GENSLER, in his official capacity as Chairman of the U.S. Securities and Exchange Commission, VANESSA COUNTRYMAN, in her official capacity as Secretary of the U.S. Securities and Exchange Commission, and RICHARD R. BEST, in his official capacity as Director of the U.S. Securities and Exchange Commission, New York Regional Office,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Action No. <u>21-cv-10600</u> |

Plaintiffs, Yue Zhou, Tao An, Zheng Hu, Yanming "Frank" Wang, Yuan Cao, and Guangcao "Jack" Ji, by their attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as and for their complaint against defendants, the United States Securities and Exchange Commission (the "Commission" or the "SEC"), Gary Gensler, in his official capacity as Chairman of the Commission, Vanessa Countryman, in her official capacity as Secretary of the Commission, and Richard R. Best, in his official capacity as Director of the U.S. Securities and Exchange Commission, New York Regional Office, allege as follows:

**PARTIES**

1.      At all times hereinafter mentioned, plaintiff, Yue Zhou, is an individual residing in New York, New York.

2.      At all times hereinafter mentioned, plaintiff, Tao An, is an individual residing in Miramar, Florida.

3.      At all times hereinafter mentioned, plaintiff, Zheng Hu, is an individual residing in Winchester, Massachusetts.

4.      At all times hereinafter mentioned, plaintiff, Yanming "Frank" Wang, is an individual residing in Southborough, Massachusetts.

5.      At all times hereinafter mentioned, plaintiff, Yuan Cao, is an individual residing in White Plains, New York.

6.      At all times hereinafter mentioned, plaintiff, Guangcao "Jack" Ji, is an individual residing in Plano, Texas.

7.      Upon information and belief, at all times hereinafter mentioned, Defendant, United States Securities and Exchange Commission, is a federal agency headquartered in Washington D.C. with 11 regional offices throughout the United States.

8.      Upon information and belief, at all times hereinafter mentioned, Defendant, Gary Gensler, is, and has been since February 3, 2021, Chairman of the Commission, and as such, is the chief executive officer of the Commission and is responsible for all activities and operations of the Commission.

9.      Upon information and belief, at all times hereinafter mentioned, Defendant, Vanessa Countryman, is, and has been since June 24, 2019, Secretary of the Commission, and as such, is responsible for the procedural administration of Commission meetings, rulemaking, practice, and procedure; maintains records of Commission actions; provides advice to the Commission and the staff on questions of practice and procedure; and reviews all documents submitted to the commission.

10.     Upon information and belief, at all times hereinafter mentioned, Defendant Richard R. Best, is, and has been since August 19, 2020, Director of the SEC's New York Regional Office, responsible for SEC staff who investigate and enforce the federal securities laws nationwide and examiners who perform compliance inspections in the New York region.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the claims against Defendants pursuant to 28 U.S.C. § 1361, which provides that district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiffs.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e).

## **FACTUAL BACKGROUND**

13.     On September 13, 2021, with great public fanfare, the SEC Commission announced Administrative Proceeding No. 3-20537 (the "Order"), instituting cease-and-desist proceedings, pursuant to Section 8A of the Securities Act of 1933 ("Securities Act"), against GTV Media Group, Inc. ("GTV"), Saraca Media Group, Inc. ("Saraca" and together with GTV, the "G Entities"), and Voice of Guo Media, Inc. ("VOG").  A copy of the Order is attached as Exhibit A.

14.     In the Order, the Commission found that from approximately April 2020 through June 2020, the G entities and VOG violated the registration provisions of the federal securities laws by soliciting thousands of individuals to invest in an offering of GTV common stock.  The Commission also found that, during the same period, the G Entities solicited individuals to invest in their offering of a digital-asset security that was referred to as either G-Coins or G-Dollars.  According to the Order, as a result of these two unregistered securities offerings, whose proceeds were commingled, the G Entities and VOG collectively raised approximately $487 million from over 5,000 investors through July 2020.

15.     Under the Order, the G entities and VOG offered, and the Commission accepted, a settlement offer totaling $539,433,428, which included disgorgement, prejudgment interest, and civil penalties.

16.     The G Entities and VOG were ordered to pay the fees within 14 days of the Order (dated September 13, 2021).  The G Entities and VOG did so on or about September 23, 2021.

17.     On November 23, 2021, the Commission issued Administrative Proceeding No. 3-20537 (the "Appointment").  A copy of the Appointment is attached as Exhibit B.

18.     The Appointment confirmed that the G Entities and VOG had paid $539,433,428 to the Commission in disgorgement, penalties, and interest.

19.     Further, the Appointment established that, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, the Commission had established a Fair Fund totaling $455,439,194.49 (the "Fair Fund") so the penalties, disgorgement, and interested paid by the G Entities and VOG could be distributed to harmed investors.

20.     The Appointment designated JND Legal Administration (JND) as administrator of the Fair Fund.

21.     Plaintiffs are harmed investors in the total amount of $1,420,125, which corresponds to the following individual investments:

  ➢ Yue Zhou: $520,000.00;

  ➢ Tao An: $100,000.00;

- 5 -

➤ Zheng Hu: $290,000.00;

➤ Yanming "Frank" Wang: $100,000.00;

➤ Yuan Cao: $160,125.00; and

➤ Guangcao "Jack" Ji: $250,000.00.

22.    Plaintiffs at no time sought SEC intervention or protection with respect to their investment in GTV.  In fact, Plaintiffs wished to keep their investment in GTV at the time the SEC began its investigation, and but for the SEC's interference, would have maintained their investment in GTV.

23.    Pursuant to Rule 1101(a) of the Commissioner's Rules on Fair Fund and Disgorgement Plans ("Commissioner's Rules") (*see* 17 C.F.R. 201.1100, et seq.), The Division of Enforcement must submit a proposed plan for the distribution of funds in the Fair Fund no later than 60 days after the Respondent (G Entities and VOG) has turned over the funds pursuant to the Commissioner's order.

24.    Rules 1101(b)(1)-(7) of the Commissioner's Rules clearly set forth the required elements for the plan for the distribution of funds from the Fair Fund.

25.    As of the date of this writing, the 60-day time limit in which the Division of Enforcement is required to submit a proposed plan for the distribution of funds has expired, and no such plan for the distribution of funds meeting the criteria set forth in Rules 1101(b)(1)-(7) has been submitted.

- 6 -

26.     Under the terms of the Order and Appointment, and pursuant to Rule 1101(a) of the Commissioner's Rules, the Commission has a ministerial (and not discretionary) duty to submit a proposed plan for the distribution of funds in the Fair Fund that meets the requirements of Rules 1101(b)(1)-(7).

27.     In the SEC's September 13, 2021 press release announcing the Order, Sanjay Wadhwa, Deputy Director of the SEC's Enforcement Division declared: "[T]he Commission will seek remedies that make harmed investors whole, such as an unwinding of the offering and a return of the funds to the investors."  A copy of the September 13, 2021 press release is attached as Exhibit C.

28.     Regarding the thousands of GTV investors, Richard R. Best, Director of the SEC's New York Regional Office stated in the same press release:  "The remedies ordered by the Commission today, which include a fair fund distribution, will provide meaningful relief to investors in these illegal offerings."

29.     88 days have passed since these heroic proclamations by SEC Deputy Director Wadwha and Regional Director Best, and 78 days have passed since the SEC took possession of $455,439,194.49 of Plaintiff's and other GTV investors' funds.

30.     To date, the SEC's proclamations have proven hollow, and the SEC has failed in its promise to provide "meaningful relief" to Plaintiffs or any GTV investor by

returning their funds.  In fact, the SEC has failed in the minimal bureaucratic requirement of timely setting up a Fair Fund.

31.     Plaintiffs at no time asked or sought the SEC's protection of their investments in GTV or requested that the SEC take possession of their invested funds.

32.     Plaintiffs have not been contacted by the SEC or JND, and various inquiries they have made to the SEC New York Office regarding the return of their funds have resulted in no response or with no information on the actual return of their funds.

33.     In the midst of a pandemic, rising inflation, and economic uncertainty, Plaintiffs are increasingly concerned that the SEC will not promptly return their funds as they are legally obligated under its own regulations.

34.     Under Rule 1101(a), the submission of the proposed distribution plan is now overdue, and further, no other remedy exists to address the Commission's delay in submitting a plan for the distribution of funds from the Fair Fund that is rightfully owed to Plaintiffs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request entry of an Order/writ of mandamus compelling the Defendants to immediately submit a proposed plan for the distribution of funds from the Fair Fund, together with an award to the Plaintiffs of the cost and expenses of this proceeding, and such other or further relief that this Court deems just and proper.

Dated:     December 10, 2021
           Buffalo, New York

              **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
              Attorneys for Plaintiffs


              By: /s/ Adam M. Brasky, Esq.
                    Adam M. Brasky, Esq.
              1600 Liberty Building
              Buffalo, New York  14202-3694
              Phone: (716) 854-3400